```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                     :
ROBERT DEBEARY,                      :        CIVIL ACTION
                     Plaintiff       :
                                     :
     v.                              :        NO. 05-1558
                                     :
JO ANNE B. BARNHART,                 :
COMMISSIONER OF SOCIAL SECURITY,     :
                     Defendant       :
_____:
```

ORDER

AND NOW, this          day of           , 2006, upon consideration of the parties' Motions for Summary Judgment, and after careful review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, IT IS ORDERED that:

      1.  the Report and Recommendation is APPROVED and ADOPTED;

      2.  the Plaintiff's Motion for Summary Judgment is GRANTED in part;

      3.  the Defendant's Motion for Summary Judgment is DENIED; and

      4.  the matter is REMANDED consistent with the Report and Recommendation.

BY THE COURT:

_____
JOHN R. PADOVA, J.

```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                       :
ROBERT DEBEARY,                        :       CIVIL ACTION
                    Plaintiff          :
                                       :
     v.                                :       NO. 05-1558
                                       :
JO ANNE B. BARNHART,                   :
COMMISSIONER OF SOCIAL SECURITY,       :
                    Defendant          :
_____ :
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff, Robert DeBeary ("Plaintiff"), brings this action under 42 U.S.C. section 1383(c)(3), which incorporates 42 U.S.C. section 405(g) by reference, to review the final decision of the Commissioner of Social Security ("Defendant"), denying his claim for disability insurance benefits ("DIB") provided under Title II of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-433. Subject matter jurisdiction is based upon section 205(g) of the Act. 42 U.S.C. § 405(g). Presently before this Court are the parties' Cross-Motions for Summary Judgment. For the reasons that follow, it is recommended that Plaintiff's motion be granted in part, and Defendant's motion be denied.

PROCEDURAL HISTORY

Plaintiff filed an application for DIB on July 24, 2001, alleging disability since September 1, 2000. (R. 222-224.) Plaintiff alleged disability as a result of cervical and left

shoulder problems and mental disorders.  (R. 267.)[1]  The state agency denied Plaintiff's claim, and Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (R. 183-187, 188.)  Initially, a hearing was scheduled for August 8, 2002.  (R. 192.)  Plaintiff appeared at the August 8, 2002 hearing and requested additional time to obtain legal representation; as a result, the ALJ continued the case for 103 days.  (R. 162-181.)

A second hearing was held on November 19, 2002, at which Plaintiff, who was represented by counsel, appeared and testified.  (R. 47, 52-69, 70, 72-97, 117-135, 139-141.)  An impartial medical expert ("ME"), Richard W. Cohen, M.D., and an impartial vocational expert ("VE"), William Hausch, also appeared and testified at the administrative hearing.  (R. 47, 69-70, 124, 135-139, 141-143, 144-150.)  At the conclusion of the hearing, the ALJ left the record open so that Plaintiff's counsel could obtain clarification from Plaintiff's treating psychiatrist, Cynthia Choi, M.D., specifically regarding the check-box form completed by her in September 2002.  (R. 150-156.)

Having considered evidence of Plaintiff's impairments,

---

[1] Specifically, Plaintiff indicated in his Adult Disability Report that the following impairments limited his ability to work: head, eye, back and pain injury of whole left side, traumatic brain injury, and post traumatic stress syndrome.  (R. 267.)

on September 8, 2003,[2] the ALJ issued a decision in which he found that Plaintiff retains the residual functional capacity ("RFC") to perform a significant range of light work limited only by an inability to reach at or above shoulder level on the left.[3] (R. 44-45, Finding No. 5.)  Based on this RFC determination, the ALJ found that Plaintiff's past relevant work as a security guard did not require the performance of work related activities which would be precluded by the limitations set.  (R. 44-45, Finding No. 6.)  Thus, the ALJ concluded that Plaintiff was not disabled. (R. 44-45, Finding No. 8.)

Plaintiff timely requested review of the ALJ's decision.  (R. 17-18.)  On February 25, 2005, the Appeals Council

---

[2] We note that there are some discrepancies in the record with respect to the ALJ's decision.  The court transcript index to the record indicates that the ALJ's decision is dated September 6, 2003.  The Appeals Council indicates that the ALJ's decision is dated September 5, 2003.  (R. 6.) For the purposes of this report and recommendation, we will adopt the date of September 8, 2003 because this date has been cited by both the Plaintiff and Defendant as the date on which the ALJ issued his decision.

[3] Specifically, the ALJ found that Plaintiff has the following residual functional capacity:

> He could regularly lift/carry 10 pounds and occassionally a maximum of 20 pounds; walk/stand a total of six hours in an 8-hour workday; but should not do any reaching to the shoulder level or above on the left.  Further, the [Plaintiff] has a very good ability to: follow work rules; relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; and understand, remember and carry out simple job instructions as well as detailed and complex job instructions.  He also has a good ability to: deal with work stresses; maintain attention and concentration; maintain personal appearance; behave in an emotionally stable manner; relate predictably in social situations; and demonstrate reliability (20 C.F.R. § 404.1545).

(R. 44-45, Finding No. 5.)

denied Plaintiff's request for review.  (R. 6-10.)  Thus, the ALJ's decision became the final decision of the agency.  Plaintiff filed this civil action on April 5, 2005, seeking judicial review of the Commissioner's decision that he was able to perform past relevant work as a security guard, and thus was not entitled to DIB.  The matter was referred to this Magistrate Judge for preparation of a report and recommendation on September 22, 2005.

FACTS

Born on December 13, 1943, Plaintiff was fifty-eight years old at the time of the administrative hearing.  (R. 26, 54.)  Plaintiff attended high school and has a general education degree ("GED").  (R. 26, 64, 273, 571.)  Plaintiff also graduated from the Philadelphia Police Academy in June 1977 and attended one semester of college at Los Angeles Southwest College in 1986.  (R. 26, 64-65.)

Based on the record evidence and Plaintiff's testimony, the VE testified that the claimant has the past relevant work: (1) a warrant officer for approximately 12 years until 2000 (light to heavy work that is classified as skilled) and (2) a security guard (light work classified as semiskilled).  (R. 26, 69-71, 268.)

This Court has independently and thoroughly examined the entire record.  Further, we note that the ALJ's written

decision dated September 8, 2003 contains a thorough and chronological summation of each of Plaintiff's treating and examining provider's diagnostic and clinical findings relevant to Plaintiff's claim for DIB.  (R. 26-36.)  The ALJ's decision also includes a detailed summary of the testimony of the Plaintiff, the ME, and the VE.  (R. 36-40.)  Based on our independent examination of the record, we adopt the summary and analysis of the evidence detailed by the ALJ and incorporate any additional, relevant facts in our discussion below.

LEGAL STANDARD

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision.  Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision.  Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  See also, Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113 S.Ct. 1294 (1993).  When determining whether the ALJ's decision is supported by substantial evidence, the court may look to any evidence in the record, regardless of whether the ALJ cites to it

in his decision.  Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000).  Thus, the issue before this Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.  Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards in evaluating a claim of disability. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. § 423(d)(1).  Each case is evaluated by the Commissioner according to a five-step process:

> The sequence is essentially as follows: (1) if the claimant is currently engaged in substantial gainful employment, []he will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," []he will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether []he can perform work []he has done in the past despite the severe impairment - if []he can, []he will be found not disabled; and (5) if the claimant

>     cannot perform [his] past work, the
>     Commissioner will consider the claimant's
>     RFC, age, education, and past work experience
>     to determine whether []he can perform other
>     work which exists in the national economy.
>     See id. § 404.1520(b)-(f).

Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 431-32 (3d Cir. 1999).

ALJ DECISION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's alleged disability primarily involves an inability to work because of cervical and left shoulder problems, traumatic brain injury and mental disorders, including post traumatic stress syndrome. (R. 22, 26-36, 267.) The ALJ, however, proceeded through the sequential evaluation process and found Plaintiff was not disabled due to his impairments.[4] (R. 40-46.)

In his Motion for Summary Judgment, Plaintiff asserts that the ALJ failed to give proper weight to the opinions of Plaintiff's treating physicians; failed to consider Plaintiff's

---

[4] The ALJ proceeded through the first four steps, finding that: (1) Plaintiff has not been engaged in substantial gainful activity since the alleged onset date of September 1, 2000; (2) Plaintiff's cervical spondolysis, left shoulder rotator cuff tear, and left shoulder biceps tendon rupture are considered severe (cognitive disorder, NOS, post-traumatic stress disorder, and seizure disorder are not considered severe); (3) Plaintiff's impairments or combination of impairments do not meet or equal the criteria of a listed impairment in Appendix 1, Subpart P, Regulations No. 4; and (4) Plaintiff retains the RFC to perform a significant range of light work limited only by an inability to reach at or above shoulder level on the left. (R. 40-45, Finding Nos. 1-3 and 5.) At step four, the ALJ determined that Plaintiff's past relevant work as a security guard did not require the performance of work related activities which would be precluded by his RFC and, thus, found that Plaintiff was able to perform his past relevant work as a security guard. (R. 44-45, Finding Nos. 6-7.) Accordingly, Plaintiff was not disabled at any time through the date of the ALJ's decision. 44-45, Finding No. 8.)

subjective complaints of pain and limitation; erred by finding that Plaintiff's mental impairment was not severe; and erred in his RFC determination.  The sole issue before this Court, however, is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

This Court has reviewed the various sources of medical and vocational evidence, the submissions of counsel, and the testimony at the ALJ hearing.  Based on this Court's independent and thorough review of the record and for the reasons that follow, we find that although the ALJ's ultimate conclusion that Plaintiff is not disabled may be supported by substantial evidence of record, the ALJ failed to explicitly make certain fundamental findings in his decision with respect to the opinions of some of Plaintiff's treating physicians.[5]  Because the ALJ failed to specifically address these opinions, we cannot find the ALJ's decision supported by substantial evidence.  We will, therefore, recommend that the matter be remanded for the ALJ to make specific findings with respect to these opinions.

DISCUSSION

In reaching a decision, the ALJ must consider all of the relevant evidence in the record.  <u>Wier v. Heckler</u>, 734 F.2d

---

[5] Specifically, we find that the ALJ failed to appropriately discuss and weigh the opinions of Roger E. Farber, M.D. and John Traverso, D.O. regarding Plaintiff's alleged mental impairments.

955, 963 (3d Cir. 1984); Cotter v. Harris, 642 F. 2d 700, 705 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979); Gober v. Mathews, 574 F.2d 772, 776 (3d Cir. 1978). Furthermore, to guard against an abuse of discretion by the Commissioner, the ALJ is required to provide some indication of the evidence which was rejected in arriving at the decision and the reasons therefore, so that a reviewing court can determine whether probative evidence was properly credited or simply ignored. See Cotter, at 705.

Evidence submitted by a treating physician is to be given special significance. Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000). The Morales court stated, "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a period of time.'" Id. at 317 (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987))). In addition, "a treating physician's report not only may be given more weight, it must be given controlling weight." 20 C.F.R. § 404.1527.

Plaintiff alleges that the ALJ failed to appropriately discuss and weigh relevant reports from treating sources, Roger

E. Farber, M.D., Cyndia Choi, M.D.,[6] and John Traverso, D.O. (Pl. Br. at 17-19.) Plaintiff argues that had the ALJ appropriately considered and weighed the assessments of these treating physicians,[7] the ALJ would have found Plaintiff disabled.

In the summary and analysis of the evidence section of his September 8, 2003 decision, the ALJ noted the treatment record and reports of Drs. Farber and Traverso. Specifically, the ALJ documented their findings with respect to Plaintiff's alleged physical and mental impairments. However, we note that the ALJ failed to address the mental impairment opinions of these

---

[6] Although Plaintiff argues that the ALJ failed to address the opinions of Dr. Choi, we note that the ALJ explicitly discussed the diagnosis and assessment offered by Dr. Choi as well as his reasons for rejecting Dr. Choi's opinions in his decision dated September 8, 2003. (R. 41-42.)

[7] On July 20, 2001, Dr. Traverso opined that Plaintiff was "suffering from traumatic brain injury, cervical disc syndrome with radiculopathy, lumbar disc syndrome with radiculopathy, and thoracic back pain." (R. 509.) Dr. Traverso further opined that Plaintiff's prognosis was guarded and that he was unable to work. (R. 509.)

With respect to Plaintiff's alleged mental impairments, Dr. Farber opined on January 9, 2002 that Plaintiff was a very circumstantial historian and that if Plaintiff was credible about his occupation and how well he performed at it prior to the incident, then he was certainly markedly limited in his current capacity to function. (R. 603.) Dr. Farber also remarked that Plaintiff did not cognitively understand how to do finger-to-nose and that there may have been major cognitive changes to the Plaintiff as a result of the incident. (R. 604.) Records from Dr. Farber in July 2002 indicate that Plaintiff was having a great deal of trouble with anxiety. (R. 648.)

On November 25, 2002, Dr. Farber completed a physical residual functional capacity questionnaire with respect to the Plaintiff. (R. 805-808.) Dr. Farber diagnosed Plaintiff with a left rotator cuff tear, cervical spondylosis, cognitive difficulties, and post-traumatic stress disorder. (R. 805.) Dr. Farber listed Plaintiff's prognosis as "poor" and stated that his pain and other symptoms constantly interfere with his ability to maintain attention and concentration. (R. 805-806.) Dr. Farber opined that because of Plaintiff's decreased memory, anxiety, and constant pain, he is incapable of even low stress jobs. (R. 806.) Finally, Dr. Farber concluded by opining that Plaintiff's anxiety and cognitive impairments prevented him from handling any job. (R. 808.)

treating physicians in his rationale for the unfavorable decision. By ignoring this evidence, the ALJ acted in clear dereliction of his duty to explicitly weigh such evidence. See Dobrowolsky, 606 F.2d at 407, see also Sykes v. Apfel, 228 F.3d 259, 266 (3d Cir. 2000). Without discussing the opinions of Drs. Farber and Traverso regarding Plaintiff's mental impairments, the ALJ concluded that Plaintiff's alleged cognitive disorder, NOS and post-traumatic stress disorder were not severe impairments. (R. 41.)

As noted *supra*, this Court "cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Schwartz v. Halter, 134 F.Supp. 2d 640, 647 (E.D.Pa. 2001)(citing Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D.Pa. 1998)). Thus, where the ALJ has failed to adequately explain in the record his reasons for rejecting or discrediting competent evidence,[8] "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Schwartz, 134 F.Supp. at 648 (citing Cotter, 642 F.Supp. at 705). The Third Circuit has directed that "[w]here competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence," Dobrowolsky, 606 F.2d at 407, see also Sykes, 228 F.3d at 266, and explain a rejection of the evidence. See Schaudeck,

---

[8] Competent evidence includes the opinion of a treating physician as to the nature and severity of the claimant's impairments. See 20 C.F.R. § 404.1527(a)(2).

11

181 F.3d at 435 (citing Benton v. Bowen, 820 F.2d 85, 88 (3d Cir. 1987)).

> Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

Id. That is, meaningful judicial review, of the ALJ's decision, is not possible where the ALJ has not sufficiently explained the weight given to all probative evidence, which necessarily includes the treating physician's assessment of claimant's abilities and limitations. See 20 C.F.R. §§ 404.1527(e), (a)(2).

An ALJ may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). A treating physician's opinion cannot be rejected unless the ALJ points to other medical evidence of record. Allen v. Bowen, 881 F.2d 37, 41-42 (3d Cir. 1989). Further, the ALJ is obligated to provide an adequate explanation when rejecting a treating physician's opinion. Johnson v. Bowen, 699 F. Supp. 475, 482-483 (E.D. Pa. 1983). In the present case, Plaintiff's treating physicians, Drs. Farber and Traverso, submitted competent evidence regarding Plaintiff's mental impairments, which the ALJ failed to address. Thus, the ALJ

provided an insufficient basis for a reviewing court to conduct meaningful judicial review.

This Court may not presume to know why the ALJ failed to address the opinions of Drs. Farber and Traverso regarding Plaintiff's mental limitations; judicial review is not meaningful when based on such presumptions. <u>Woodcock v. Barnhart</u>, 2003 WL 1949638, at *6(E.D.Pa. Apr 24, 2003). Without the ability to meaningfully review the ALJ's conclusion as to Dr. Farber's and Dr. Traverso's opinions regarding Plaintiff's mental limitations, we are compelled to recommend that the case be remanded so that the ALJ can provide the tools to engage in such review. Remanding the case for this reason does not reflect anything more than the court's need for such information in reviewing the ALJ's decision.[9]

CONCLUSION

Because the ALJ's decision fails to demonstrate full consideration of all relevant evidence, particularly evidence submitted by Drs. Farber and Traverso, the matter should be remanded for further consideration and articulation as to the weight applied to the evidence. In re-evaluating the medical evidence, the ALJ should consider the combined effect of all of Plaintiff's impairments. In light of this re-evaluation of the

---

[9] "The court can hypothesize numerous sound reasons that might have informed the ALJ's conclusion on this issue, however our court of appeals does not permit such guesswork in the name of judicial review." <u>Woodcock v. Barnhart</u>, 2003 WL 1949638, at *6 (E.D.Pa. Apr. 24, 2003).

evidence, the ALJ should also reconsider his credibility determination,[10] residual functional capacity determination, and the hypothetical proposed to the VE.[11]  Finally, Plaintiff should remain cognizant that the ultimate burden of proving disability rests with him.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 27 day of February, 2006, it is RESPECTFULLY RECOMMENDED that the Plaintiff's Motion for Summary Judgment should be GRANTED in part, the Defendant's Motion for Summary Judgment should be DENIED, and the matter should be REMANDED.

BY THE COURT:

_____

/s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT,
United States Magistrate Judge

---

[10]  As discussed *supra*, the ALJ should discuss the credibility of the Plaintiff.

[11]  The Third Circuit has consistently held that because the VE provides opinion as to the claimant's residual functional capacity, the hypotheticals posed to a VE must accurately identify "all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)(citing Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984) and Wallace v. Sec'y, 722 F.2d 1150, 1155 (3d Cir. 1983)(stating the expert must have evaluated claimant's particular impairments as contained in the record)).