IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DEBEARY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOANNE BARNHART | : | NO. 05-1558 |

MEMORANDUM

**Padova, J.**                                                          **May      , 2006**

## I.    BACKGROUND

Plaintiff, Robert DeBeary, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Defendant Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance ("DI") benefits. Both parties filed motions for summary judgment. Pursuant to Local Rule 72.1(d)(1)(C), the Court referred the case to Magistrate Judge Arnold C. Rapoport for a Report and Recommendation. The Magistrate Judge recommended granting Plaintiff's Motion for Summary Judgment. The Commissioner filed timely objections. For the reasons that follow, the Court concludes that the ALJ committed reversible error. Accordingly, the Court overrules the Commissioner's objections and adopts the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Summary Judgment is granted and the Commissioner's Motion for Summary Judgment is denied.

## II.    LEGAL STANDARD

A district court judge makes a de novo determination of those portions of a magistrate judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. Id.

Under the Social Security Act, a claimant is disabled if he is unable to engage in "any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Under the medical-vocational regulations, as promulgated by the Commissioner, the Commissioner uses a five-step sequential evaluation process to decide disability claims.[1]  The burden to prove the existence of a disability rests initially upon the

---

[1]The five steps are:

(b) If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

(c) You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

(d) When your impairment meets or equals a listed impairment in Appendix 1. If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.

(e) When your impairment(s) does not meet or equal a listed impairment. If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record, as explained in § 404.1545. (See paragraph (g)(2) of this section and § 404.1562 for an exception to this rule.) We use our residual functional capacity assessment at the fourth step of the sequential evaluation process to determine if you can do your past relevant work (paragraph (f) of this section) and at the fifth step of the sequential evaluation process (if the evaluation proceeds to this step) to determine if you can adjust to other work (paragraph (g) of this section).

(f) Your impairment(s) must prevent you from doing your past relevant work. If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will compare our residual functional capacity assessment, which we made under paragraph (e) of this section, with the physical and mental demands of your past relevant work. (See § 404.1560(b).) If you can still do this kind of work, we will find that you are not disabled.

(g) Your impairment(s) must prevent you from making an adjustment to any other work.

(1) If we find that you cannot do your past relevant work because you have a severe

claimant. 42 U.S.C. § 423(d)(5). To satisfy this burden, the claimant must show an inability to return

to his former work. Once the claimant makes this showing, the burden of proof then shifts to the

Commissioner to show that the claimant, given his age, education and work experience, has the

ability to perform specific jobs that exist in the economy. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir.

1979).

There is an additional process for evaluating mental impairments. Plummer v. Apfel, 186

F.3d 422, 428-29 (3d Cir. 1999). These procedures require the ALJ to evaluate the claimant's

"pertinent symptoms, signs, and laboratory findings to determine whether [the claimant has] a

medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(1). If an impairment is

found, the ALJ must rate the functional limitation resulting from such impairment based upon "the

extent to which [claimant's] impairment(s) interferes with [his or her] ability to function

independently, appropriately, effectively, and on a sustained basis" in the following four areas:

"Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of

decompensation." 20 C.F.R. §§ 404.1520a(c)(2)-(3). If the claimant's mental impairment is severe,

the ALJ then determines whether it "meets or is equivalent in severity to a listed mental disorder."

20 C.F.R. § 404.1520a(d)(2).  If the claimant's impairment is severe, but does not reach the level of

a listed mental disorder, the ALJ then assesses the claimant's residual functional capacity. 20 C.F.R.

---

impairment(s) (or you do not have any past relevant work), we will consider the same
residual functional capacity assessment we made under paragraph (e) of this section,
together with your vocational factors (your age, education, and work experience) to
determine if you can make an adjustment to other work. (See § 404.1560(c).) If you
can make an adjustment to other work, we will find you not disabled. If you cannot,
we will find you disabled.

20 C.F.R. §§ 404.1520(b)-(g).

§ 404.1520a(d)(3).

Judicial review of the Commissioner's final decision is as follows.  The ALJ's findings of fact will not be disturbed if they are supported by substantial evidence.  <u>Schaudeck v. Commissioner of Social Security Admin.</u>, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  It is more than a mere scintilla of evidence but may be less than a preponderance.  <u>Brown v. Bowen</u>, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ and the Court should grant deference if the ALJ's findings of fact are supported by substantial evidence, even if the Court, acting <u>de novo</u>, might have reached a different conclusion.  <u>Monsour Med. Ctr. v. Heckler</u>, 806 F.2d 1185, 1190-91 (3d Cir. 1986), <u>cert. denied</u>, 482 U.S. 905 (1987).  On the other hand, the ALJ's legal conclusions are subject to plenary review.  <u>Schaudeck</u>, 181 F.3d at 431.

## III.    DISCUSSION

### A.      Factual and Procedural History

Plaintiff was born on December 13, 1943.  (R. 26).  He has a general equivalency diploma as well as one semester of college.  <u>Id.</u>  The plaintiff has past relevant work as a warrant officer and security guard.  <u>Id.</u>

Plaintiff applied for DI benefits on July 24, 2001.  He alleged he became disabled on September 1, 2000 and is disabled based on pain and injury to his head, eye, back and left side, traumatic brain injury and post traumatic stress disorder.  (R. 267.)  Plaintiff served in the military between 1963 and 1966.  (R. 37.)  During his military service, Plaintiff suffered head trauma, which caused dementia.  <u>Id.</u>  Plaintiff was also involved in a car accident in November 1999.  <u>Id.</u>

4

Plaintiff's claim for DI benefits was initially denied on November 27, 2001.  Plaintiff then requested independent review of his claim by an administrative law judge ("ALJ").  A hearing was initially scheduled for August 8, 2002 but was continued so that Plaintiff could obtain counsel.  The hearing was re-scheduled for November 19, 2002.  Plaintiff had obtained counsel by that time; he testified at the hearing, as did a medical expert and a vocational expert.  On September 8, 2003, the ALJ issued a Decision wherein he concluded that Plaintiff was not disabled because he could return to his prior work as a security guard.   Plaintiff then sought review of the ALJ's Decision from the Social Security Administration's Appeals Council.  On February 25, 2005, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's Decision the final decision of the Commissioner.  20 C.F.R. § 404.981.

In this Court, the parties filed cross motions for summary judgment.  Plaintiff argues that the ALJ: (1) failed to give proper weight to the opinions of Plaintiff's treating physicians regarding his mental impairments; (2) failed to consider Plaintiff's subjective complaints of pain and limitation; (3) erred in finding that Plaintiff's mental impairment was not severe; and (4)incorrectly assessed Plaintiff's residual functional capacity ("RFC").

After the Commissioner filed her motion for summary judgment, the Magistrate Judge issued his Report and Recommendation ("R & R").  In the R & R, the Magistrate Judge did not address all of Plaintiff's arguments in great detail.  Instead, the Magistrate Judge focused on the first argument and concluded that the ALJ had failed to properly consider the opinions of two of Plaintiff's treating physicians, Drs. Roger E. Farber and John Traverso, concerning Plaintiff's mental impairment.  The Magistrate Judge found that "the ALJ failed to address the mental impairment opinions of these treating physicians in his rationale for the unfavorable decision."  R & R at 10-11.  The Magistrate

Judge concluded that the ALJ had the duty explicitly to consider this evidence and his failure to do so made it impossible for the Magistrate Judge to engage in meaningful judicial review of the ALJ's Decision. Id. at 11-13. The Magistrate Judge recommended that the case be remanded to the ALJ so that he could explicitly consider Drs. Farber and Traverso's opinions concerning Plaintiff's mental impairment. Id. at 12-13. The Magistrate Judge also recommended that, on remand, the ALJ consider the combined effect of all of Plaintiff's physical and mental impairments. Id. at 13. The Magistrate Judge further recommended that, on remand, the ALJ reconsider his evaluation of Plaintiff's credibility, his assessment of Plaintiff's RFC and the hypothetical question he posed to the vocational expert. Id. at 13-14.

The Commissioner has filed objections to the R & R. The Commissioner argues that the ALJ did not err when he failed explicitly to consider the mental health opinions of Drs. Farber and Traverso. The Commissioner first notes that an ALJ is not required to explicitly consider every piece of medical evidence in the record. The Commissioner argues that, in light of the voluminous medical record and the medical evidence concerning Plaintiff's mental impairment which the ALJ did explicitly consider, the ALJ did not err in failing explicitly to consider the medical evidence the Magistrate Judge identified. The Commissioner maintains that there is, therefore, no need to remand the case to the ALJ.

## B.      Opinions of Drs. Farber and Traverso

The Magistrate Judge found that the ALJ failed to explicitly consider the following evidence. With respect to Dr. Traverso, the Magistrate Judge faulted the ALJ for failing to consider the doctor's July 20, 2001 opinion that Plaintiff was "'suffering from traumatic brain injury, cervical disc syndrome with radiculopathy, lumbar disc syndrome with radiculopathy, and thoracic back

6

pain.'"  R & R at 10 n.7 (quoting (R. 509)).  In addition, the Magistrate Judge faulted the ALJ for failing to consider Dr. Traverso's opinion that Plaintiff's prognosis was guarded and he was unable to work.  Id. (citing (R. 509)). With respect to Dr. Farber, the Magistrate Judge faulted the ALJ for failing to consider the doctor's opinions contained in a January 9, 2002 treatment note that Plaintiff was "a very circumstantial historian" and, if Plaintiff was credible about what his occupation was and how he well he performed it, then he was certainly markedly limited in his current capacity to function.  Id. (citing (R. 603)).  The Magistrate Judge also faulted the ALJ for failing to consider Dr. Farber's opinions that Plaintiff did not cognitively understand instructions to touch his finger to his nose and that there may be major cognitive changes to Plaintiff as a result of an accident he had in November 1999.  Id. (citing (R. 604)).  The Magistrate Judge further faulted the ALJ for failing to consider Dr. Farber's July 2002 opinion that Plaintiff was having a great deal of trouble with anxiety. Id. (citing (R. 648)).   In addition, the Magistrate Judge faulted the ALJ for failing to consider opinions Dr. Farber rendered in a physical RFC questionnaire he completed on November 25, 2002. Id.  The Magistrate Judge specifically faulted the ALJ for failing to consider Dr. Farber's opinions that: (1) Plaintiff had a left rotator cuff tear, cervical spondylosis, cognitive difficulties, and post-traumatic stress disorder; (2) Plaintiff's prognosis was poor and Plaintiff's pain and other symptoms constantly interfered with his ability to maintain attention and concentration; (3) Plaintiff's decreased memory, anxiety and constant pain rendered him unable to perform even low stress jobs; and (4) Plaintiff's anxiety and cognitive impairments prevented him from handling any job.  Id. (citing (R. 805-06, 808)).

In a case such as this, which has a voluminous medical record, an ALJ is not required to

explicitly cite every relevant treatment note in the record.[2]  Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).  However, the ALJ's evaluation of the medical evidence must be sufficiently detailed to allow for meaningful judicial review.  Id.  For example, when there is conflicting medical evidence in the record, an ALJ must explain why he chose to credit certain evidence.  Id.  This requirement is particularly important where a treating physician has rendered opinions or findings which contradict the ALJ's RFC assessment.[3]  Id. at 43.  The reason an ALJ must explain why he rejects relevant medical evidence that contradicts his RFC assessment is that the reviewing court is not free to analyze the record independently to determine whether the record contains evidence which would support the ALJ's assessment.  Id. at 44 n.7.  Instead, the reviewing court is limited to considering the explanations an ALJ actually provides.  Id.  Where the ALJ provides no explanation for rejecting certain evidence and the rejected evidence contradicts the ALJ's RFC assessment, the reviewing court must remand so that the ALJ can explain why he rejected the evidence.  Id. at 43-44.

    The Commissioner does not contest the Magistrate Judge's conclusion that the ALJ failed explicitly to consider the opinions of Drs. Farber and Traverso that the Magistrate Judge identified in the R & R.  However, the Commissioner does maintain that, in light of the voluminous medical record and the medical evidence concerning Plaintiff's mental impairment that the ALJ did explicitly consider, the ALJ did not err in failing to explicitly consider the medical evidence the Magistrate

---

[2]In this case, there are 531 pages of medical records in the administrative record.  In Fargnoli, there were 115 pages of treatment notes in the administrative record and the court stated that the medical record in that case was voluminous.  Id. at 42.  Thus, as in Fargnoli, it is fair to characterize the medical record in this case as voluminous.

[3]A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a).  This assessment is required for an ALJ to perform the fourth and fifth steps of the sequential evaluation for disability claims.  20 C.F.R. § 404.1520(a)(4)(iv)-(v), (e), (f).  This case was decided at the fourth step and so the ALJ was required to assess Plaintiff's RFC.  Id.

Judge identified.[4]

The Court finds that the Commissioner's argument lacks merit because the medical evidence the ALJ failed to explicitly consider contradicts his RFC assessment and, therefore, the ALJ had the duty to explain why he would reject that evidence.  Fargnoli, 247 F.3d at 43.  The ALJ's failure to do so renders his evaluation of Plaintiff's mental impairment unfit for judicial review and the case must be remanded so that the ALJ can provide the necessary explanation.  Id. at 43-44.

The ALJ determined that Plaintiff's RFC was as follows:

> He is able to regularly lift/carry 10 pounds and occasionally a maximum of 20 pounds; he could walk/stand a total of six hours in an 8-hour workday; but he should not do any reaching to the shoulder level or above on the left.  I also find that the claimant has a very good ability to: follow work rules; relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; understand, remember and carry out simple job instructions as well as detailed and complex job instructions; and a good ability to deal with work stresses; maintain attention and concentration; maintain personal appearance; behave in an emotionally stable manner; relate predictably in social situations; and demonstrate reliability.

(R. 44.)

Dr. Traverso, in contrast, opined that Plaintiff was unable to work because of all his impairments, including his traumatic brain injury.  (R. 509.)  Although Dr. Traverso did not specify what disabling symptoms were caused by Plaintiff's traumatic brain injury, his opinion that Plaintiff

---

[4]The Commissioner argues that the ALJ was free to reject Dr. Traverso's and  Dr. Farber's opinions concerning Plaintiff's mental impairment because Drs. Traverso and Farber are not mental health specialists.  Yet, the Commissioner cites no authority to support this contention.  The Commissioner's regulations state that more weight is given to the opinion of a specialist about medical issues in his area of speciality than is given to the opinion of a non-specialist.  20 C.F.R. § 404.1527(d)(5).  However, the regulations do not state that no weight may be given to the opinion of a non-specialist.  For this reason, the Court concludes that the Commissioner's argument lacks merit.

is unable to work, based, in part, on Plaintiff's traumatic brain injury, does contradict the ALJ's conclusion that Plaintiff has a non-disabling RFC.  It is true that the ALJ was not bound to accept Dr. Traverso's opinion that Plaintiff was disabled because that is a conclusion specifically reserved to the Commissioner.  20 C.F.R. § 404.1527(e)(1).  Nonetheless, since Dr. Traverso's opinion contradicts the ALJ's RFC assessment, the ALJ was bound to explain why he would reject the opinion.  See Fargnoli, 247 F.3d at 43 (finding fault with an ALJ's failure to explain why he rejected a treating physician's opinion that plaintiff Fargnoli was disabled).  Since the ALJ failed to explain why he rejected this contradictory evidence, the case is remanded so that he can do so.

Like Dr. Traverso, Dr. Farber also opined that Plaintiff was unable to work because of his anxiety, decreased memory and cognitive impairments.  (R. 806, 808.)  This opinion contradicts the ALJ's RFC assessment and the ALJ had the duty to explain why he would reject Dr. Farber's opinion.  See Fargnoli, 247 F.3d at 43.  Dr. Farber also made the clinical finding that Plaintiff had cognitive impairment as a result of his November 1999 accident.  (R. 604, 805.)  In addition, Dr. Farber opined that Plaintiff's symptoms constantly interfered with his ability to maintain attention and concentration.  (R. 806.)  Dr. Farber's clinical finding that Plaintiff has cognitive impairment is inconsistent with the ALJ's finding that Plaintiff has the ability to understand, remember and carry out simple job instructions as well as detailed and complex job instructions.  Further, Dr. Farber's opinion that Plaintiff's symptoms constantly interfered with his ability to maintain attention and concentration directly contradicts the ALJ's finding that Plaintiff has the ability to maintain attention and concentration.  The ALJ had the duty to explain why he would reject this finding and opinion.  Fargnoli, 247 F.3d at 43.  Therefore, the case is remanded to the ALJ for him to explain why he

rejected the finding and opinions of Dr. Farber.[5]

## IV.   CONCLUSION

The Commissioner's objections are overruled and the Magistrate Judge's R & R is approved and adopted.  On remand, the ALJ should explicitly consider the mental health evidence the Court has identified in this Memorandum.  The ALJ shall then consider the combined effects of all of Plaintiff's impairments, in accordance with the Magistrate Judge's recommendation.  The ALJ shall also reconsider his evaluation of Plaintiff's credibility, his assessment of Plaintiff's RFC and the hypothetical question he posed to the vocational expert.  An appropriate order follows.

---

[5]The Magistrate Judge also referred to Drs. Farber and Traverso's opinions concerning Plaintiff's physical health but the issue in this case is the ALJ's consideration of Plaintiff's mental impairment, not Plaintiff's physical impairments.  For this reason, the ALJ is only required to explicitly consider the mental health evidence the Court has identified.  The Commissioner does not object to the Magistrate Judge's conclusion that the ALJ's error in evaluating the mental health evidence also required the ALJ to consider the combined effects of all of Plaintiff's impairments, and to reconsider his evaluation of Plaintiff's credibility, to reconsider his assessment of Plaintiff's RFC and to reconsider the hypothetical question he posed to the vocational expert.  Therefore, after the ALJ explicitly considers the mental health evidence the Court has identified, he shall perform the additional analysis the Magistrate Judge recommended.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT DEBEARY             :            CIVIL ACTION
                                 :
              v.                  :
                                 :
JOANNE BARNHART          :             NO. 05-1558

<u>O R D E R</u>

**AND NOW**, this        day of May, 2006, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, **IT IS HEREBY ORDERED** that:

1. The Commissioner's objections to the Report and Recommendation (Doc. No. 14) are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED** consistent with the accompanying Memorandum;

3. The Plaintiff's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**;

4. The Commissioner's Motion for Summary Judgment (Doc. No. 10) is **DENIED**.


BY THE COURT:

s/John R. Padova

_____

John R. Padova, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT DEBEARY                 :            CIVIL ACTION
                               :
           v.                  :
                               :
JOANNE BARNHART                :            NO. 05-1558

<u>JUDGMENT</u>

       **AND NOW**, this       day of May, 2006, in accordance with the Court's separate Order dated

this same date, granting Plaintiff's Motion for Summary Judgment, **IT IS HEREBY ORDERED**

that **JUDGMENT IS ENTERED** in favor of Plaintiff, Robert DeBeary, and against Defendant

Joanne Barnhart, Commissioner of the Social Security Administration.


                              BY THE COURT:

                              s/John R. Padova

                              _____

                              John R. Padova, J.